Debtor    SOURCECORP Management, Inc.         Case number *(if known)* _____
_____
Name

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

           Southern District of Texas
               (State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| 1. **Debtor's Name** | SOURCECORP Management, Inc. |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 75-2912986 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2701 E. Grauwyler Road**<br>Number    Street | Number    Street |
| **Irving**    **Texas**    **75061**<br>City    State    Zip Code | City    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Dallas**<br>County | Number    Street |
| | City    State    Zip Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | http://www.exelatech.com |
| 6. **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor  SOURCECORP Management, Inc.                                    Case number *(if known)*  _____
           Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5416 (Management, Scientific, and Technical Consulting Services)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the ***Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11*** (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| | | | | |
|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number _____ |
| District | _____ | When | _____ MM/DD/YYYY | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

Debtor  **See Attached Rider 1**

District  _____

Case number, if known  _____

Relationship  _____

When:  **3/03/2025**
MM / DD / YYYY

Debtor    SOURCECORP Management, Inc.             Case number *(if known)* _____
        Name

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                 Number       Street

_____
City          State     Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors***

*\*Consolidated for all Debtors.*

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets***

*\*Consolidated for all Debtors.*

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities***

*\*Consolidated for all Debtors.*

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | SOURCECORP Management, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **3/03/2025**
             MM/ DD / YYYY

✗   **/s/ Matt Brown**                **Matt Brown**
   Signature of authorized representative of debtor      Printed name

Title   **Interim Chief Financial Officer**

**18. Signature of attorney**

✗   **/s/ Timothy A. Davidson II**      Date    **3/03/2025**
   Signature of attorney for debtor              MM/DD/YYYY

**Timothy A. Davidson II**

**Hunton Andrews Kurth LLP**
Firm name

**600 Travis Street, Suite 4200**
Number          Street

**Houston**                   **TX**        **77002**
City                          State      ZIP Code

**(713) 220-4200**             **taddavidson@hunton.com**
Contact phone                  Email address

**24012503**                 **TX**
Bar number                 State

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
| --- | --- |
| BancTec (Canada), Inc. | N/A |
| BancTec (Puerto Rico), Inc. | 66-0393420 |
| BancTec Group LLC | 30-0809103 |
| BancTec Intermediate Holding, Inc. | 14-1857751 |
| BancTec, Inc. | 75-1559633 |
| BTC Ventures, Inc. | 32-0040859 |
| Charter Lason, Inc. | 41-2137542 |
| CorpSource Holdings, LLC | N/A |
| Deliverex, LLC | 51-0370088 |
| DFG2 Holdings, LLC | 37-1703603 |
| DFG2, LLC | 38-3888322 |
| DocuData Solutions, L.C. | 75-2926166 |
| Economic Research Services, Inc. | 58-1454192 |
| Exela Enterprise Solutions, Inc. | 13-3587073 |
| Exela Finance Inc. | 82-1893089 |
| Exela Intermediate LLC | 82-1884342 |
| Exela RE LLC | 23-2981757 |
| Exela Technologies BPA, LLC | 82-1880314 |
| Exela XBP, LLC | 84-5080737 |
| FTS Parent Inc. | 47-4616206 |
| HOV Enterprise Services, Inc. | 22-3520617 |
| HOV Services, Inc. | 38-3384800 |
| HOV Services, LLC | 26-0839966 |
| HOVG, LLC | 77-0611900 |
| J & B Software, Inc. | 23-2327305 |
| Kinsella Media LLC | 52-2301194 |
| Lason International, Inc. | 38-3402450 |
| Managed Care Professionals, LLC | 81-1143386 |
| Meridian Consulting Group, LLC | 59-3770509 |
| Neon Acquisition, LLC | 80-0947559 |
| Novitex Enterprise Solutions Canada, Inc. | N/A |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| Novitex Government Solutions, LLC | 30-0193564 |
| Novitex Holdings, Inc. | 38-3914247 |
| Novitex Intermediate, LLC | 80-0947386 |
| Pangea Acquisitions Inc. | 46-4861356 |
| Plexus Global Finance, LLC | 61-1694576 |
| RC4 Capital, LLC | 80-0868892 |
| Recognition Mexico Holding Inc. | 30-0994449 |
| Regulus America LLC | 22-2974594 |
| Regulus Group II LLC | 26-4545318 |
| Regulus Group LLC | 23-2847269 |
| Regulus Holding Inc. | 26-3714081 |
| Regulus Integrated Solutions LLC | 52-2277055 |
| Regulus West LLC | 23-2866282 |
| Rust Consulting, Inc. | 41-1813634 |
| Rustic Canyon III, LLC | N/A |
| Services Integration Group, L.P. | 76-0531355 |
| SIG-GP, L.L.C. | N/A |
| SOURCECORP BPS Inc. | 51-0370086 |
| SOURCECORP Legal Inc. | 58-2482419 |
| SOURCECORP Management, Inc. | 75-2912986 |
| SOURCECORP, Incorporated | 75-2560895 |
| SourceHOV Canada Company | N/A |
| SourceHOV Healthcare, Inc. | 57-0835087 |
| SourceHOV Holdings, Inc. | 68-0683138 |
| SOURCEHOV LLC | 26-2270219 |
| TRAC Holdings, LLC | 20-5736962 |
| TransCentra, Inc. | 32-0345387 |
| United Information Services, Inc. | 42-1446157 |
| XCV-EMEA, LLC | 88-3869335 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOURCECORP Management, Inc., | ) | Case No. 25-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| SOURCECORP, Incorporated | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SOURCECORP Management, Inc., | ) | Case No. 25-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐    There are no equity security holders or corporations that directly or indirectly own 10% or more  of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| SOURCECORP, Incorporated<br>2701 E. Grauwyler Road<br>Irving, Texas 75061 | Shares | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  SOURCECORP Management, Inc.

United States Bankruptcy Court for the:         Southern District of Texas

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors         12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐   Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐   Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐   Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐   Schedule H: Codebtors *(Official Form 206H)*

☐   Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐   Amended Schedule _____

☒   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

|  |  |
|---|---|
| **3/03/2025** | ☒ */s/ Matt Brown* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
|  | **Matt Brown** |
|  | Printed name |
|  | **Interim Chief Financial Officer** |
|  | Position or relationship to debtor |

*Execution Version*

### UNANIMOUS WRITTEN CONSENT OF
### THE APPROVING PARTY OF
### EACH COMPANY LISTED BELOW

March 3, 2025

The undersigned, being (a) all members of the board of directors or the board of managers, as applicable, (b) the general partner and limited partner (in the case of Services Integration Group, L.P.), or (c) the sole member or shareholder, as applicable (in each case, an "***Approving Party***" and, collectively, the "***Approving Parties***"), of the following corporations, limited partnership, company, limited company, and limited liability companies:

(1)     BancTec (Canada), Inc., an Ontario corporation;

(2)     BancTec (Puerto Rico), Inc., a Delaware corporation;

(3)     BancTec Group LLC, a Delaware limited liability company;

(4)     BancTec Intermediate Holding, Inc., a Delaware corporation;

(5)     BancTec, Inc., a Delaware corporation;

(6)     BTC Ventures, Inc., a Delaware corporation;

(7)     Charter Lason, Inc., a Delaware corporation;

(8)     CorpSource Holdings, LLC, a Delaware limited liability company;

(9)     Deliverex, LLC, a Delaware limited liability company;

(10)    DFG2 Holdings, LLC, a Delaware limited liability company;

(11)    DFG2, LLC, a Delaware limited liability company;

(12)    DocuData Solutions, L.C., a Texas limited liability company;

(13)    Economic Research Services, Inc., a Florida corporation,

(14)    Exela Enterprise Solutions, Inc., a Delaware corporation;

(15)    Exela Finance Inc., a Delaware corporation;

(16)    Exela Intermediate LLC, a Delaware limited liability company;

(17)    Exela RE LLC, a Delaware limited liability company;

(18)    Exela Technologies BPA, LLC, a Delaware limited liability company;

(19)    Exela XBP, LLC, a Delaware limited liability company;

(20)    FTS Parent Inc., a Delaware limited liability company;

(21)    HOV Enterprise Services, Inc., a New Jersey corporation;

(22)    HOV Services, Inc., a Delaware corporation;

(23)    HOV Services, LLC, a Nevada limited liability company;

(24)    HOVG, LLC, a Nevada limited liability company;

(25)    J & B Software, Inc., a Pennsylvania corporation;

(26)    Kinsella Media LLC, a Delaware limited liability company;

(27)    Lason International, Inc., a Delaware corporation;

(28)  Managed Care Professionals, LLC, a Delaware limited liability company;

(29)  Meridian Consulting Group, LLC, a Nevada limited liability company;

(30)  Neon Acquisition, LLC, a Delaware limited liability company;

(31)  Novitex Enterprise Solutions Canada, Inc., an Ontario corporation;

(32)  Novitex Government Solutions, LLC, a Delaware limited liability company;

(33)  Novitex Holdings, Inc., a Delaware corporation;

(34)  Novitex Intermediate, LLC, a Delaware limited liability company;

(35)  Pangea Acquisitions Inc., a Delaware corporation;

(36)  Plexus Global Finance, LLC, a Delaware limited liability company;

(37)  RC4 Capital, LLC, a Delaware limited liability company;

(38)  Recognition Mexico Holding Inc., a Delaware corporation;

(39)  Regulus America LLC, a Delaware limited liability company;

(40)  Regulus Group II LLC, a Delaware limited liability company;

(41)  Regulus Group LLC, a Delaware limited liability company;

(42)  Regulus Holding Inc., a Delaware corporation;

(43)  Regulus Integrated Solutions LLC, a Delaware limited liability company;

(44)  Regulus West LLC, a Delaware limited liability company;

(45)  Rust Consulting, Inc., a Minnesota corporation;

(46)  Rustic Canyon III, LLC, a Delaware limited liability company;

(47)  Services Integration Group, L.P., a Delaware limited partnership;

(48)  SIG-GP, L.L.C., a Delaware limited liability company;

(49)  SOURCECORP BPS Inc., a Delaware corporation;

(50)  SOURCECORP Legal Inc., a Delaware corporation;

(51)  SOURCECORP Management, Inc., a Texas corporation;

(52)  SOURCECORP, Incorporated, a Delaware corporation;

(53)  SourceHOV Canada Company, a Nova Scotia unlimited company;

(54)  SourceHOV Healthcare, Inc., a South Carolina corporation;

(55)  SourceHOV Holdings, Inc., a Delaware corporation;

(56)  SOURCEHOV LLC, a Delaware limited liability company;

(57)  TRAC Holdings, LLC, a Delaware limited liability company;

(58)  TransCentra, Inc., a Delaware company;

(59)  United Information Services, Inc., an Iowa corporation; and

(60)  XCV-EMEA, LLC, a Delaware limited liability company

(each such entity, a "***Filing Entity***" and, collectively, the "***Filing Entities***"), do hereby consent to, adopt and approve, ratify, and confirm by unanimous written consent, in each case pursuant to and in accordance

with (a) the provisions of such Filing Entity's (i) certificate of incorporation, articles of incorporation, association, amalgamation, or continuance, certificate of formation, memorandum of association, or other incorporation or formation document, as applicable, and (ii) bylaws, limited liability company agreement, limited company agreement, limited partnership agreement, unanimous shareholder agreement, or other operating agreement or document, as applicable, and (b) the applicable provisions of (i) the General Corporation Law of the State of Delaware, (ii) the Limited Liability Company Act of the State of Delaware, (iii) the Business Corporation Act of the State of Texas, (iv) the Business Corporations Act (Ontario), (v) the Texas Limited Liability Company Act, (vi) the Florida Business Corporation Act, (vii) the New Jersey Business Corporation Act, (viii) the Nevada Limited Liability Company Act, (ix) the Pennsylvania Business Corporation Law of 1988, (x) the Minnesota Business Corporation Act, (xi) the Companies Act (Nova Scotia), (xii) the South Carolina Business Corporation Act of 1988, (xiii) the Iowa Business Corporation Act, (xiv) the Delaware Revised Uniform Partnership Act, and (xv) any other corporate or business statute, as applicable, the following resolutions and authorize the taking of all actions contemplated thereby, as applicable (this "***Written Consent***"):

## Chapter 11 Cases

**WHEREAS**, each of the Filing Entities is a direct or indirect wholly owned subsidiary of Exela Technologies, Inc., a Delaware corporation ("***ETI***");

**WHEREAS**, each of the undersigned directors, managers, general partners, shareholders, limited partners, members, and other duly authorized persons (each, a "***Principal***" and, collectively, the "***Principals***") of the Filing Entities has had the opportunity to consult with management and the legal and financial advisors of such Filing Entity to fully consider, and has considered, the restructuring and strategic alternatives available to such Filing Entity and the impact of the foregoing on such Filing Entity's business; and

**WHEREAS**, each of the Principals has reviewed and evaluated proposed restructuring transactions involving the Filing Entities.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of each of the Principals, it is desirable and in the best interests of each of the Filing Entities, their creditors, and other interested parties, that each Approving Party authorize that the Filing Entities seek relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***");

**FURTHER RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer (as defined below) shall be, and hereby is, authorized and directed on behalf of each Filing Entity to commence a case under chapter 11 of the Bankruptcy Code (a "***Chapter 11 Case***") by executing, verifying and delivering a voluntary petition in the name of such Filing Entity under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") in such form and at such time as the Authorized Officer executing said petition shall determine;

**FURTHER RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and directed on behalf of such Filing Entity, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the Filing Entities under Chapter 11 of the Bankruptcy Code (each respective Chapter 11 Case, together with such other Chapter 11 Cases, the "***Chapter 11 Cases***");

**FURTHER RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of such Filing Entity, to the extent applicable, to enter into any restructuring support agreement or similar agreements entered into in

connection with the Chapter 11 Cases and to enter into any agreements, documents, or instruments related thereto;

**FURTHER RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of such Filing Entity, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all documents reasonably necessary to effectuate the terms of the restructuring detailed in the restructuring term sheet (the "***Restructuring Term Sheet***") presented to the Principals on or before the date hereof, including without limitation, a plan of reorganization, disclosure statement, and related documents consistent with the terms of the Restructuring Term Sheet;

**FURTHER RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of such Filing Entity, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of such Filing Entity, to the extent applicable, to obtain debtor-in-possession financing and/or the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement liens, as is reasonably necessary for the continuing affairs of such Filing Entity; and

**FURTHER RESOLVED**, that the Filing Entities are hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Filing Entity, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Filing Entities' existing indebtedness as may be deemed necessary or appropriate by such Authorized Officer.

## Chief Restructuring Officer

**WHEREAS,** the applicable Approving Parties (the "***CRO Approving Parties***") with respect to Exela Technologies BPA, LLC, Exela Intermediate LLC, Exela Finance Inc., XCV-EMEA, LLC, and Neon Acquisition, LLC (collectively, the "***CRO Entities***") believe that it is advisable and in the best interests of each CRO Entity to appoint (i) Randall S. Eisenberg as Chief Restructuring Officer and (ii) Steve Spitzer as Deputy Chief Restructuring Officer, in each case, with the roles and responsibilities as described in the engagement letter between AP Services, LLC and the CRO Entities, dated on or about March 3, 2025 (the "***CRO Engagement Letter***").

**NOW, THEREFORE, BE IT RESOLVED**, that each CRO Approving Party, as applicable, hereby appoints Randall S. Eisenberg as Chief Restructuring Officer (the "***CRO***") and Steve Spitzer as Deputy Chief Restructuring Officer (the "***Deputy CRO***") of the applicable CRO Entity for which it serves as the Approving Party;

**FURTHER RESOLVED**, that each CRO Approving Party, as applicable, hereby authorizes and approves in all respects (i) the form, terms, and provisions of the CRO Engagement Letter; (ii) the execution and

delivery by the CRO Entity for which it serves as the Approving Party of the CRO Engagement Letter; and (c) the performance by such CRO Entity of its duties and obligations hereunder;

**FURTHER RESOLVED**, that the CRO and the Deputy CRO are each authorized and directed to perform all acts and deeds and to execute and deliver all necessary documents on behalf of each CRO Entity in accordance with the scope outlined in the CRO Engagement Letter; and

**FURTHER RESOLVED**, that the CRO and the Deputy CRO shall report to each CRO Approving Party or other officers, as directed by the applicable CRO Approving Party and, at the request of a CRO Approving Party, shall make recommendations to and consult with such CRO Approving Party.

**Receivables Programs**

**WHEREAS,** certain Filing Entities and certain of their affiliates who are not Filing Entities are party to securitization programs, accounts receivable facilities, and similar structured financial arrangements (collectively, the "***Securitization Programs***"), including (a) the securitization program (the "***PNC Securitization Program***") governed by various documents, including that certain receivables purchase agreement, dated as of June 17, 2022 among Exela Receivables 3 LLC, as seller, Exela Receivables 3 Holdco, LLC, as pledgor, Exela Technologies, Inc., as initial servicer, PNC Bank, National Association, as administrative agent, and the purchasers party thereto and (b) the securitization program (the "***Rust Securitization Program***") governed by various documents, including that certain receivables purchase agreement, dated as of February 12, 2024, as amended from time to time, among Rust Consulting, Inc., Banctec (Canada), Inc. Novitex Enterprise Solutions Canada, Inc. / Solutions D'Enterprise Novitex Canada, Inc., HOVG, LLC and SourceHOV Canada Company, originators, Exela BR SPV, LLC, as seller and BR EXAR, LLC; and

**WHEREAS**, each applicable Approving Party has determined that it is in the best interests of the applicable Filing Entities to (i) consummate transactions (the "***Receivables Transactions***") in connection with the PNC Securitization Program, the Rust Securitization Program, and the other Securitization Programs as necessary to provide the Filing Entities sufficient liquidity during the Chapter 11 Cases, (ii) enter into, deliver and perform their respective obligations under any and all agreements, documents, amendments, instruments, certificates, acknowledgments, statements, and papers as may be contemplated by or entered into in connection with the Receivables Transactions (including, without limitation, payoff letters, intercreditor agreements, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, promissory notes, guaranties, security and pledge agreements, cash management agreements, assignments, collateral assignments, fee letters, engagement letters, commitment letters and other customary loan documents, third party collateral access agreements, insurance certificates, bailee letters, deposit account control agreements, securities account control agreements, Uniform Commercial Code financing statements and any applicable Canadian provincial personal property financing statements, registrations, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents) (collectively, the "***Receivables Documents***") and any amendments, restatements, modifications and supplements to any of the foregoing, on such terms and conditions as any Authorized Officer, acting alone, deems to be in the best interests of the applicable Filing Entities, and (iii) authorize the payment of all fees and expenses in accordance with the Receivables Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that the Receivables Transactions are in all respects authorized, approved and ratified and that any Authorized Officer is authorized and empowered to (i) execute and deliver or cause to be executed and delivered, and the secretary or any other Authorized Officer of each applicable Filing Entity is authorized to attest to such execution or delivery of, in the name of and on behalf of each Filing Entity, the Receivables Documents and any other document related to the

5

consummation of the Receivables Transactions, any amendments, restatements, modifications or supplements to any of the foregoing and any and all additional documents and certificates to be executed and delivered in connection with the Receivables Transactions, (ii) perform or cause to be performed on behalf of each applicable Filing Entity, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Officer deems to be in the best interests of each applicable Filing Entity, and (iii) to pay all fees and expenses in accordance with the Receivables Documents;

**FURTHER RESOLVED**, that any Authorized Officer is hereby authorized and empowered, in the name and on behalf of each applicable Filing Entity, to negotiate, execute and deliver the Receivables Documents (including, without limitation, any borrowing request and any letter of credit requests), take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Officer to be necessary or appropriate to the performance of any Filing Entity's obligations or the exercise of such Filing Entity's rights pursuant to the Receivables Documents, including, without limitation, entrance into amendments, restatements, modifications or supplements thereto, on such terms and conditions with such changes as any Authorized Officer may by his or her execution and delivery thereof deem to be in the best interests of each Filing Entity with such negotiation, execution and delivery of the Receivables Documents or any other documents to be conclusive evidence that the form, terms and provisions thereof have been approved by the Principals of the Filing Entities;

**FURTHER RESOLVED**, that, the incurrence of indebtedness and the execution and filing of documents and agreements in connection therewith are hereby authorized, approved and adopted, as applicable; and

**FURTHER RESOLVED**, that any and all agreements, instruments, certificates or documents heretofore executed and acts heretofore undertaken in connection with the Receivables Transactions approved by these resolutions and any other transactions contemplated by the Receivables Documents are hereby ratified, confirmed, approved and adopted in all respects, and these resolutions have not been modified, rescinded or amended and are in full force and effect.

### DIP Credit Agreement

**WHEREAS**, the Principals have determined that it is in the best interests of each Filing Entity (i) to consummate the transactions (the "***DIP Transactions***") contemplated by that certain Debtor-in-Possession Credit Agreement, to be dated on or about March 3, 2025, by and among Exela Finance, Inc. and Exela Intermediate LLC, as borrowers, each Filing Entity, as a guarantor, the other guarantors from time to time party thereto, the lenders party thereto, and Ankura Trust Company, LLC, as administrative agent and collateral agent (the "***DIP Credit Agreement***"), (ii) to enter into, deliver and perform its obligations under the DIP Credit Agreement and any and all agreements, documents, instruments, certificates, acknowledgments, statements, and papers as may be contemplated by or entered into in connection with the DIP Credit Agreement (including, without limitation, payoff letters, intercreditor agreements, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, promissory notes, guaranties, security and pledge agreements, cash management agreements, assignments, collateral assignments, fee letters, engagement letters, commitment letters and other customary loan documents, third party collateral access agreements, insurance certificates, bailee letters, deposit account control agreements, securities account control agreements, Uniform Commercial Code financing statements and any applicable Canadian provincial personal property financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents) (together with the DIP Credit Agreement, collectively, the "***DIP Loan Documents***") and any amendments, restatements, modifications and supplements to any of the foregoing, on such terms and conditions as any Authorized Officer, acting alone, deems to be in the best interests of each Filing Entity, and (iii) to authorize the payment of all fees and expenses in accordance with the DIP Loan Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that the DIP Transactions are in all respects authorized, approved and ratified and that any Authorized Officer is authorized and empowered (i) to execute and deliver or cause to be executed and delivered, and the secretary or any other Authorized Officer of the relevant Filing Entity is authorized to attest to such execution or delivery of, in the name of and on behalf of such Filing Entity, the DIP Credit Agreement, any other DIP Loan Documents and any other document related to the consummation of the DIP Transactions, any amendments, restatements, modifications or supplements to any of the foregoing and any and all additional documents and certificates to be executed and delivered in connection with the DIP Transactions, (ii) to perform or cause to be performed on behalf of each Filing Entity, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Officer deems to be in the best interests of each Filing Entity, and (iii) to pay all fees and expenses in accordance with the DIP Loan Documents;

**FURTHER RESOLVED**, that any Authorized Officer is hereby authorized and empowered, in the name and on behalf of the relevant Filing Entity, to negotiate, execute and deliver the DIP Credit Agreement and the other DIP Loan Documents (including, without limitation, any borrowing request and any letter of credit requests), take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Officer to be necessary or appropriate to the performance of such Filing Entity's obligations or the exercise of such Filing Entity's rights pursuant to the DIP Credit Agreement and the other DIP Loan Documents, including, without limitation, entrance into amendments, restatements, modifications or supplements thereto, on such terms and conditions with such changes as any Authorized Officer may by his or her execution and delivery thereof deem to be in the best interests of the relevant Filing Entity with such negotiation, execution and delivery of the DIP Credit Agreement and the other DIP Loan Documents or any other documents to be conclusive evidence that the form, terms and provisions thereof have been approved by the Principals of the Filing Entities;

**FURTHER RESOLVED**, that the incurrence of indebtedness, any guarantee of indebtedness, the grant of security interests and pledges by each Filing Entity as contemplated in the DIP Loan Documents, and any additional liens pursuant to any additional mortgage agreements, security agreements, pledge agreements or deeds of trust that the DIP Credit Agreement may require, and the execution and filing of documents, agreements, financing statements, mortgages and instruments in connection therewith, are hereby authorized, approved, and adopted, as applicable;

**FURTHER RESOLVED**, that, to the extent that any directly or indirectly wholly owned subsidiary of ETI, whether or not a Filing Entity, (each an "***ETI Subsidiary***" and collectively, the "***ETI Subsidiaries***") is or serves as the sole member, managing member, shareholder, general partner, partner or other governing body (collectively, a "***Controlling Company***"), in each case, of any other company (a "***Controlled Company***"), each Authorized Officer of such ETI Subsidiary, who may act without the joinder of any other Authorized Officer, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that any ETI Subsidiary is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Officer is herein authorized to take on behalf of such Controlling Company; and

**FURTHER RESOLVED**, that any and all agreements, instruments, certificates or documents heretofore executed and acts heretofore done in connection with the DIP Transactions approved by these resolutions and any other transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents are hereby ratified, confirmed, approved and adopted in all respects, and these resolutions have not been modified, rescinded or amended and are in full force and effect.

### Retention of Professionals

**NOW, THEREFORE, BE IT RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the relevant Filing Entity, to employ and retain (i) Latham & Watkins LLP to act as bankruptcy co-counsel, (ii) Hunton Andrews Kurth LLP to act as bankruptcy co-counsel, (iii) Houlihan Lokey, Financial Advisors, Inc. to act as investment banker, (iv) AlixPartners, LLP to act as financial advisor and to provide the services of the CRO and Deputy CRO, (v) Omni Agent Solutions, Inc., to act as claims, noticing, and solicitation agent, and (vi) Sitrick and Company to act as communications advisor (collectively, the "***Professionals***"), in each case, in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of such Filing Entity, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist each Filing Entity in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and

**FURTHER RESOLVED**, that each Filing Entity is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, in the name and on behalf such Filing Entity, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time,  all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Officer shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

### General Authority and Ratification of Consistent Actions

**NOW, THEREFORE, BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Cases or any proceedings or matters related thereto (including, without limitation, the DIP Transactions and the DIP Loan Documents), be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Filing Entities;

**FURTHER RESOLVED**, that all actions taken and agreements and documents executed by the Authorized Officers, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions which would have been authorized by these resolutions had such actions been taken (or documents been executed) after adoption of these resolutions, are ratified, confirmed, approved and adopted in all respects;

**FURTHER RESOLVED**, that each Authorized Officer, acting alone, is authorized and directed on behalf of the relevant Filing Entity to do or cause to be done, and to grant such powers of attorney as are necessary or desirable to do or be done on behalf of such Filing Entity or its subsidiaries, all such acts or things and to sign and deliver, or cause to be signed and delivered, all such agreements, documents, instruments and certificates, as such officer or officers may deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of such Filing Entity under the agreements and instruments referred to therein, with such execution and delivery of such agreements, documents, instruments or certificates to be conclusive evidence that the form, terms and provisions thereof have been approved by the Principals;

**FURTHER RESOLVED** that the Principals of the Filing Entities hereby approve of the transactions herein and all related documents, instruments and agreements relating to the transactions on behalf of the Filing Entities and hereby authorize each such Filing Entity to enter into and perform each of its obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Officer" shall mean and include the Chief Executive Officer, President, Chief Financial Officer, Chief Accounting Officer, Treasurer, General Counsel, Secretary, Assistant Secretary, Chief Restructuring Officer, Deputy Chief Restructuring Officer, or any Executive Vice President or Vice President, of the applicable Filing Entity.

*[Remainder of Page Intentionally Left Blank; Signature Pages Follow]*

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent as of the date first written above.

**EXELA TECHNOLOGIES, INC.**
as sole member of
**EXELA TECHNOLOGIES BPA, LLC**

By: _Matt Brown_
_____
Name:  Matt Brown
Title:    Interim Chief Financial Officer


**EXELA TECHNOLOGIES, INC.**
as the sole member of
**EXELA TECHNOLOGIES BPA, LLC**
the sole member of
**EXELA INTERMEDIATE LLC**

By: _Matt Brown_
_____
Name:  Matt Brown
Title:    Interim Chief Financial Officer


**EXELA TECHNOLOGIES, INC.**
as the sole member of
**ETI-XCV HOLDINGS, LLC**
the sole member of
**EXI-XCV, LLC**
the sole member of
**NEON ACQUISITION, LLC**
**XCV-EMEA, LLC**

By: _Matt Brown_
_____
Name:  Matt Brown
Title:    Interim Chief Financial Officer


*[Signature Page to Written Consent of the Sole Member of Exela Technologies BPA, LLC, Exela Intermediate LLC, Neon Acquisition, LLC, and XCV-EMEA, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **EXELA INTERMEDIATE LLC**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Alan Carr

*[Signature Page to the Written Consent of the Board of Directors of Exela Intermediate LLC]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of **EXELA INTERMEDIATE LLC**, have executed this Written Consent as of the date first written above.

By: _____
Name:  James Reynolds

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **EXELA INTERMEDIATE LLC**, have executed this Written Consent as of the date first written above.

By: _____

Name:   Coley Clark

     **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **EXELA TECHNOLOGIES BPA, LLC**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_____
      08666CC34572409

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of Exela Technologies BPA, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **EXELA TECHNOLOGIES BPA, LLC**, have executed this Written Consent as of the date first written above.

Signed by:

*James G Reynolds*

By: _____
261132BF01DC488...

Name:  James Reynolds

*[Signature Page to the Written Consent of the Board of Directors of Exela Technologies BPA, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **NOVITEX HOLDINGS, INC.**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **NOVITEX HOLDINGS, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of Novitex Holdings, Inc.]*

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**NOVITEX HOLDINGS, INC.**
as sole member of
**NOVITEX INTERMEDIATE, LLC**



By: _____
Name:   Suresh Yannamani
Title:    Chief Executive Officer

**NOVITEX HOLDINGS, INC.**
as sole member of
**NOVITEX INTERMEDIATE, LLC**
the sole member of
**NOVITEX GOVERNMENT SOLUTIONS, LLC**
the sole member of
**SIG-GP, L.L.C.**

By: _____
Name:   Suresh Yannamani
Title:    Chief Executive Officer

*[Signature Page to Written Consent of the Sole Member of Novitex Intermediate, LLC and SIG-GP, LLC]*

**NOVITEX HOLDINGS, INC.**
as sole member of
**NOVITEX INTERMEDIATE, LLC**
the sole member of
**NOVITEX GOVERNMENT SOLUTIONS, LLC**
the sole member of
**SIG-GP, L.L.C.**
the general partner of
**SERVICES INTEGRATION GROUP, L.P.**

By: *Suresh Yannamani*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
0B666CC34572409...
Name:   Suresh Yannamani
Title:    Chief Executive Officer


**NOVITEX HOLDINGS, INC.**
as sole member of
**NOVITEX INTERMEDIATE, LLC**
the sole member of
**NOVITEX GOVERNMENT SOLUTIONS, LLC**
the limited partner of
**SERVICES INTEGRATION GROUP, L.P.**

By: *Suresh Yannamani*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
0B666CC34572409...
Name:   Suresh Yannamani
Title:    Chief Executive Officer


*[Signature Page to Written Consent of the Partners of Services Integration Group, L.P.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **NOVITEX GOVERNMENT SOLUTIONS, LLC**, have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*
DocuSigned by:
0B666CC34572409

Name:  Suresh Yannamani

      **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **NOVITEX GOVERNMENT SOLUTIONS, LLC**, have executed this Written Consent as of the date first written above.

By: _Mark Fairchild_____

Name:  Mark Fairchild

*[Signature Page to the Written Consent of the Board of Managers of Novitex Government Solutions, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **EXELA FINANCE INC.**, have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*

Name:  Suresh Yannamani

[*Signature Page to Written Consent of the Board of Directors of Exela Finance Inc.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **EXELA FINANCE INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

[*Signature Page to the Written Consent of the Board of Directors of Exela Finance Inc.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCEHOV HOLDINGS, INC.**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_
    _____
Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of SourceHOV Holdings, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCEHOV HOLDINGS, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:   Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of Sourcehov Holdings, Inc.]*

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**SOURCEHOV HOLDINGS, INC.**
as sole member of
**SOURCEHOV LLC**
the sole member of
**HOV SERVICES, LLC**
the sole member of
**RUSTIC CANYON III, LLC**

By: *Suresh Yannamani*
Name: Suresh Yannamani
Title: Chief Executive Officer

[*Signature Page to Written Consent of the Sole Member of Rustic Canyon III, LLC*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **RUSTIC CANYON III, LLC,** have executed this Written Consent as of the date first written above.

DocuSigned by:

*Suresh Yannamani*

By: _____

0B666CC34573409

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **RUSTIC CANYON III, LLC**, have executed this Written Consent as of the date first written above.

By _____
Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Managers of Rustic Canyon III, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **SOURCEHOV LLC**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Managers of SourceHOV LLC]*

 

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **SOURCEHOV LLC**, have executed this Written Consent as of the date first written above.

By: _____
Name:  Sandeep Sapru

 

[*Signature Page to the Written Consent of the Board of Managers of Sourcehov LLC*]

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of managers of **CORPSOURCE HOLDINGS, LLC**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_

     DocuSigned by:

     09666CC34572409

Name:  Suresh Yannamani

[*Signature Page to Written Consent of the Board of Managers of Corpsource Holdings, LLC*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **CORPSOURCE HOLDINGS, LLC**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **HOV SERVICES, LLC**, have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Managers of HOV Services, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **HOV SERVICES, LLC**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Managers of HOV Services, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCECORP, INCORPORATED**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_ _____
DocuSigned by:
08666CC3457240

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCECORP, INCORPORATED**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of managers of **EXELA RE LLC**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_

Name: Suresh Yannamani

*[Signature Page to Written Consent of the Board of Managers of Exela RE LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **EXELA RE LLC**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

IN WITNESS WHEREOF, the undersigned has executed this Written Consent as of the date first written above.

SOURCECORP, INCORPORATED
as sole member of
MERIDIAN CONSULTING GROUP, LLC

By: *Suresh Yannamani*
Name:  Suresh Yannamani
Title:   Chief Executive Officer

*[Signature Page to Written Consent of the Sole Member of Meridian Consulting Group, LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCECORP LEGAL INC.**, have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*
DocuSigned by:
0B666CC34572409
Name: Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of SourceCorp Legal Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCECORP LEGAL INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

[*Signature Page to the Written Consent of the Board of Directors of Sourcecorp Legal Inc.*]

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**SOURCECORP LEGAL INC.**
as sole member of
**EXELA XBP, LLC**

By: _Suresh Yannamani_
Name:   Suresh Yannamani
Title:    Chief Executive Officer

[*Signature Page to Written Consent of the Sole Member of Exela XBP, LLC*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **RUST CONSULTING, INC.**, have executed this Written Consent as of the date first written above.

DocuSigned by:

By: *Suresh Yannamani*
0B666CC34572409...

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of Rust Consulting, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **RUST CONSULTING, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**RUST CONSULTING, INC.**
as sole member of
**KINSELLA MEDIA LLC**

By: *Suresh Yannamani*
Name:  Suresh Yannamani
Title:    Chief Executive Officer

*[Signature Page to Written Consent of the Sole Member of Kinsella Media LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **ECONOMIC RESEARCH SERVICES, INC.**, have executed this Written Consent as of the date first written above.

DocuSigned by:

By: *Suresh Yannamani*

08666CC34572409

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of Economic Research Services, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **ECONOMIC RESEARCH SERVICES, INC.,** have executed this Written Consent as of the date first written above.

Signed by:

By: _____

Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCEHOV HEALTHCARE, INC.**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_ _____
DocuSigned by:
0B666CC34572409...

Name: Suresh Yannamani

[*Signature Page to Written Consent of the Board of Directors of SourceHOV Healthcare, Inc.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCEHOV HEALTHCARE, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:   Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of Sourcehov Healthcare, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **UNITED INFORMATION SERVICES, INC.**, have executed this Written Consent as of the date first written above.

By: <u>*Suresh Yannamani*                                  </u>

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **UNITED INFORMATION SERVICES, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name: Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCECORP BPS INC.**, have executed this Written Consent as of the date first written above.

By:  *Suresh Yannamani*

DocuSigned by:

0B666CC34573409

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of SourceCorp BPS Inc.]*

    **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCECORP BPS INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.


**SOURCECORP BPS INC.**
as sole member of
**MANAGED CARE PROFESSIONALS, LLC**
**DELIVEREX, LLC**

By: *Suresh Yannamani*
Name:  Suresh Yannamani
Title:   Chief Executive Officer


*[Signature Page to Written Consent of the Sole Member of Managed Care Professionals, LLC and Deliverex, LLC]*

     **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCECORP MANAGEMENT, INC.**, have executed this Written Consent as of the date first written above.

DocuSigned by:

By: _Suresh Yannamani_ _____

0B666CC34573409

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of SourceCorp Management, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCECORP MANAGEMENT, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of Sourcecorp Management, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **HOV ENTERPRISE SERVICES, INC.**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_
DocuSigned by:
0B666CC34572409
Name:  Suresh Yannamani

      **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **HOV ENTERPRISE SERVICES, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **CHARTER LASON, INC.**, have executed this Written Consent as of the date first written above.

DocuSigned by:

*Suresh Yannamani*

By: _____
0B888CC34572409...

Name:  Suresh Yannamani

[*Signature Page to Written Consent of the Board of Directors of Charter Lason, Inc.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **CHARTER LASON, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of Charter Lason, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **HOV SERVICES, INC.**, have executed this Written Consent as of the date first written above.

By:
DocuSigned by:

*Suresh Yannamani*

05668CC34572409...

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of HOV Services, Inc.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of **HOV SERVICES, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of HOV Services, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **LASON INTERNATIONAL, INC.**, have executed this Written Consent as of the date first written above.

DocuSigned by:

*Suresh Yannamani*

By: _____
0B666CC34572409
Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of Lason International, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **LASON INTERNATIONAL, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of Lason International, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **FTS PARENT INC.,** have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*

DocuSigned by:
0B666CC34572409

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of FTS Parent Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **FTS PARENT INC.**, have executed this Written Consent as of the date first written above.

By: _____
Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of FTS Parent Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **TRANSCENTRA, INC.**, have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*
DocuSigned by:
0B666CC34572409...

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **TRANSCENTRA, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of Transcentra, Inc.]*

      **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **REGULUS HOLDING INC.**, have executed this Written Consent as of the date first written above.

DocuSigned by:

*Suresh Yannamani*

By: _____

0B666CC34572409...

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of Regulus Holding Inc.]*

      **IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **REGULUS HOLDING INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

[*Signature Page to the Written Consent of the Board of Directors of Regulus Holding Inc.*]

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**REGULUS HOLDING INC.**
as sole member of
**REGULUS GROUP LLC**

By: *Suresh Yannamani*
Name:   Suresh Yannamani
Title:    Chief Executive Officer

*[Signature Page to Written Consent of the Sole Member of Regulus Group LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **REGULUS GROUP II LLC**, have executed this Written Consent as of the date first written above.

DocuSigned by:

By: *Suresh Yannamani*

0B666CC34572409

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Managers of Regulus Group II LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **REGULUS GROUP II LLC**, have executed this Written Consent as of the date first written above.

By: *Lakshmi Narayan*

Name:  Lakshmi Narayan

*[Signature Page to the Written Consent of the Board of Managers of Regulus Group II LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **REGULUS INTEGRATED SOLUTIONS LLC**, have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*
——————————————————
09666CC34572409
Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Managers of Regulus Integrated Solutions LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **REGULUS INTEGRATED SOLUTIONS LLC**, have executed this Written Consent as of the date first written above.

By: _Lakshmi Narayan_
Name:  Lakshmi Narayan

[*Signature Page to the Written Consent of the Board of Managers of Regulus Integrated Solutions LLC*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **REGULUS AMERICA LLC**, have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*
DocuSigned by:
0B666CC34572409...

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **REGULUS AMERICA LLC**, have executed this Written Consent as of the date first written above.

By: _Lakshmi Narayan_

Name:  Lakshmi Narayan

[*Signature Page to the Written Consent of the Board of Managers of Regulus America LLC*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **REGULUS WEST LLC**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_

Name:  Suresh Yannamani

[*Signature Page to Written Consent of the Board of Managers of Regulus West LLC*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of **REGULUS WEST LLC**, have executed this Written Consent as of the date first written above.

By: *Lakshmi Narayan*

Name:  Lakshmi Narayan

*[Signature Page to the Written Consent of the Board of Managers of Regulus West LLC]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **J & B SOFTWARE INC.**, have executed this Written Consent as of the date first written above.

DocuSigned by:

By: _Suresh Yannamani_
⎿ 08866CC34572409

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **J & B SOFTWARE INC.**, have executed this Written Consent as of the date first written above.

By:

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of J & B Software Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **PANGEA ACQUISITIONS INC.,** have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*
<span style="font-size:0.7em">DocuSigned by:</span>
<span style="font-size:0.6em">0B666CC34572409</span>

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of Pangea Acquisitions Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **PANGEA ACQUISITIONS INC.,** have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

*[Signature Page to the Written Consent of the Board of Directors of Pangea Acquisitions Inc.]*

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**PANGEA ACQUISITIONS INC.**
as sole member of
**BANCTEC GROUP LLC**

By: 
Name:  Suresh Yannamani
Title:   Chief Executive Officer

**PANGEA ACQUISITIONS INC.**
as sole member of
**BANCTEC GROUP LLC**
the sole member of
**RC4 CAPITAL, LLC**

By: 
Name:  Suresh Yannamani
Title:   Chief Executive Officer

**PANGEA ACQUISITIONS INC.**
as sole member of
**BANCTEC GROUP LLC**
the sole member of
**RC4 CAPITAL, LLC**
the sole member of
**DFG2 HOLDINGS, LLC**

By: Suresh Yannamani
Name:  Suresh Yannamani
Title:   Chief Executive Officer

*[Signature Page to Written Consent of the Sole Member of BancTec Group LLC, RC4 Capital, LLC and DFG2 Holdings, LLC.]*

**PANGEA ACQUISITIONS INC.**
as sole member of
**BANCTEC GROUP LLC**
the sole member of
**RC4 CAPITAL, LLC**
the sole member of
**DFG2 HOLDINGS, LLC**
the sole member of
**DFG2, LLC**

By: 
Name:  Suresh Yannamani
Title:    Chief Executive Officer

**PANGEA ACQUISITIONS INC.**
as sole member of
**BANCTEC GROUP LLC**
the sole member of
**RC4 CAPITAL, LLC**
the sole member of
**DFG2 HOLDINGS, LLC**
the sole member of
**DFG2, LLC**
the sole member of
**PLEXUS GLOBAL FINANCE, LLC**
**HOVG, LLC**
**TRAC HOLDINGS, LLC**

By: _Suresh Yannamani_
Name:  Suresh Yannamani
Title:    Chief Executive Officer

[*Signature Page to Written Consent of the Sole Member of DFG2, LLC, Plexus Global Finance, LLC, HOVG, LLC, and Trac Holdings, LLC.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **BANCTEC, INC.**, have executed this Written Consent as of the date first written above.

DocuSigned by:

*Suresh Yannamani*

By: _____
    0B668CC34572409...

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of BancTec, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **BANCTEC, INC.**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

[*Signature Page to the Written Consent of the Board of Directors of Banctec, Inc.*]

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**BANCTEC, INC.**
as sole member of
**DOCUDATA SOLUTIONS, L.C.**

By: _Suresh Yannamani_
Name:   Suresh Yannamani
Title:    Chief Executive Officer

[*Signature Page to Written Consent of the Sole Member of DocuData Solutions, L.C.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **BANCTEC INTERMEDIATE HOLDING, INC.,** have executed this Written Consent as of the date first written above.

DocuSigned by:

*Suresh Yannamani*

By: ————————————————————————
0B666CC34572409

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **BANCTEC INTERMEDIATE HOLDING, INC.,** have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **BTC VENTURES, INC.**, have executed this Written Consent as of the date first written above.

By: *Suresh Yannamani*

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **BTC VENTURES, INC.**, have executed this Written Consent as of the date first written above.

By: _____
Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **BANCTEC (PUERTO RICO), INC.,** have executed this Written Consent as of the date first written above.

DocuSigned by:

*Suresh Yannamani*

By _____
0B666CC34572409

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of BancTec (Puerto Rico), Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **BANCTEC (PUERTO RICO), INC.**, have executed this Written Consent as of the date first written above.

By: _____
Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **RECOGNITION MEXICO HOLDING INC.,** have executed this Written Consent as of the date first written above.

By:

DocuSigned by:

*Suresh Yannamani*

0B666CC34572409

Name:  Suresh Yannamani

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **RECOGNITION MEXICO HOLDING INC.,** have executed this Written Consent as of the date first written above.

By

Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**BANCTEC, INC.**
as the sole shareholder of
**BANCTEC (CANADA), INC.**

By: *Suresh Yannamani*
Name:   Suresh Yannamani
Title:    Chief Executive Officer

[*Signature Page to Written Consent of the Sole Shareholder of BancTec (Canada), Inc.*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCEHOV CANADA COMPANY**, have executed this Written Consent as of the date first written above.

By: _Suresh Yannamani_

Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of SourceHOV Canada Company]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **SOURCEHOV CANADA COMPANY**, have executed this Written Consent as of the date first written above.

By: _____

Name:  Sandeep Sapru

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**BANCTEC (CANADA), INC.**
as sole member of
**SOURCEHOV CANADA COMPANY**

By: _Suresh Yannamani_ _____
Name: Suresh Yannamani
Title:   Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **EXELA ENTERPRISE SOLUTIONS, INC.**, have executed this Written Consent as of the date first written above.

By: _Andrej Jonovic_

Name:  Andrej Jonovic

*[Signature Page to the Written Consent of the Board of Directors of Exela Enterprise Solutions, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of **EXELA ENTERPRISE SOLUTIONS, INC.**, have executed this Written Consent as of the date first written above.

By: _Matt Brown_____
Name:  Matt Brown

*[Signature Page to Written Consent of the Board of Directors of Exela Enterprise Solutions, Inc.*

      **IN WITNESS WHEREOF**, the undersigned, being the sole member of the board of directors of **NOVITEX ENTERPRISE SOLUTIONS CANADA, INC.**, has executed this Written Consent as of the date first written above.

By: _____
     DocuSigned by:
     *Suresh Yannamani*
     0B666CC34572409
Name:  Suresh Yannamani

*[Signature Page to Written Consent of the Board of Directors of Novitex Enterprise Solutions Canada, Inc.]*

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent as of the date first written above.

**EXELA ENTERPRISE SOLUTIONS, INC.**
as the sole shareholder of
**NOVITEX ENTERPRISE SOLUTIONS CANADA, INC.**

By: _Tatiana Koleva_
  FAB4B898D423437
Name:  Tatiana Koleva
Title:   President

*[Signature Page to Written Consent of the Sole Shareholder of Novitex Enterprise Solutions Canada, Inc.]*

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name:  DocuData Solutions, L.C. | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the: Southern District of Texas | |
| Case number (If known): | |

## Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims. The Debtors reserve the right to modify, recharacterize, or dispute any claim reflected herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association Company, as Trustee for July Unsecured 2026 Notes 60 Livinston Ave St Paul, MN 55107 | Tel: (651) 224-5117 Fax: (651) 466-7430 Email: support@customerconnection.usbank.com | Bondholders | | | | $23,953,210 |
| 2 | ASG Technologies, Inc. 700 Highlander Blvd #300 Arlington, TX 76015 | Tel: (817) 652-6300 Email: info@asg.com | Litigation Settlement | | | | $3,400,000 |
| 3 | KONICA MINOLTA BUSINESS Solutions U.S.A. Inc. Dept. CH 19188 Palatine, IL 60055-9188 | Tel: (630) 271-6900 Email: mgrande@kmbs.konicaminolta.us | Trade Vendor | | | | $1,362,835 |
| 4 | Opex 305 Commerce Dr. Moorestown, NJ 08057-4234 | Tel: (888) 384-5259 Email: info@opex.com | Trade Vendor | | | | $1,225,681 |
| 5 | DIGITAL COLOR CONCEPTS INC 256 SHEFFIELD STREET MOUNTAINSIDE, NJ 07092 | Tel: (908) 264-0504 Email: info@dccnyc.com Email: don@dccnyc.com | Trade Vendor | | | | $1,154,160 |
| 6 | BOFA SECURITIES, INC. Bank of America Tower 620 South Tyron Street, 20th Floor Charlotte, NC 28255 | Attn: Debt Advisory Attn: Erica Coller Tel: (704) 208-3410 Fax: (980) 388-0838 Email: info@bnamericas.com | Professional Services | | | | $1,150,000 |
| 7 | SONATA INFORMATION TECHNOLOGY LIMITED TOWER 2 GLOBAL VILLAGE RVCE Post, Kengeri Hobli, Mysore Road, Bengaluru 560059, India | Tel: +91-80-6778-1999 Email: Vijay.Naveen@sonata-software.com Email: info@sonata-software.com | Trade Vendor | | | | $1,119,884 |
| 8 | AT&T PO BOX 5019 Carol Stream, IL 60197-5019 | Tel: (800) 235-7524 Email: sd5243@att.com Email: bk4752@att.com | Trade Vendor | | | | $1,056,287 |
| 9 | AFLAC 1932 Wynnton Road Columbus, GA 31999 | Tel: (800) 992-3522 Fax: (877) 442-3522 Email: cscmail@aflac.com | Litigation Settlement | | | | $875,501 |
| 10 | Cahill Gordon & Reindel LLP Eighty Pine Street New York, NY 10005-1702 | Tel: (212) 701-3000 Fax: (212) 269-5420 Email: jwhall@cahill.com | Professional Services | | | | $756,982 |

1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 CLEARY GOTTLIEB STEEN & HAMILTON LLP One Liberty Plaza New York, NY 10006 | Tel: (212) 225-2000 Fax: (212) 225-3999 Email: malbano@cgsh.com | Professional Services | | | | $675,995 |
| 12 SANDY ALEXANDER INC 200 ENTIN ROAD CLIFTON, New Jersey 07014 | Tel: (973) 470-8100 Fax: (973) 470-9269 Email: hello@sandyalexander.com | Trade Vendor | | | | $662,776 |
| 13 SCANNER HOLDINGS CORP dba: IBML 2750 Crestwood Blvd Birmingham, AL 35210 | Tel: (205) 314-1819 Tel: (205) 956-4071 Fax: (205) 956-5309 Email: support@ibml.com | Trade Vendor | | | | $624,577 |
| 14 Pitney Bowes 2225 American Dr. Neenah, WI 54956-1005 | Attn: Ryan Berndt Tel: (203) 356-5000 Tel: (800) 243-7824 Fax: (800) 882-2499 | Trade Vendor | | | | $614,862 |
| 15 GENUITY CONCEPTS 507 N CHURCH STREET GREENSBORO, North Carolina 27401 | Tel: (336) 379-1850 Email: info@genuityconcepts.com | Trade Vendor | | | | $489,542 |
| 16 UNITED PARCEL SERVICE P.O. Box 7247-0244 Philadelphia, PA 19170-0001 | Tel: (800) 877-1497 Email: enterpriseaccounts@ups.com | Trade Vendor | | | | $456,355 |
| 17 STAPLES, INC. DBA HITOUCH PO BOX 208897 Dallas, TX 75320 | Tel: (866) 448-6824 Email: Info@hitouchbusinessservices.com | Trade Vendor | | | | $454,513 |
| 18 ACCESS INFORMATION INTERMEDIATE P.O. BOX 101048 ATLANTA, GA 30392-1048 | Tel: (877) 345-3546 | Trade Vendor | | | | $428,190 |
| 19 Image Business Machiness LLC P.O. Box 676673 Dallas, TX 75267-6673 | Tel: (877) 426-6006 Email: ASKAR@US.IBM.COM | Trade Vendor | | | | $412,534 |
| 20 Standard & Poors The McGraw-Hill Cos Inc 2542 Collection Chicago, IL 60693 | Tel: (800) 338-3987 Fax: (800) 953-8691 Email: corporate_secretary@mcgraw-hill.com | Trade Vendor | | | | $407,140 |
| 21 BLUECREST DMT Solutions Global Corp, P O Box 74007412 Chicago, IL 60674-7412 | Tel: (475) 204-3068 Tel: (844) 622-2583 Email: Email: dmtpartorders@bluecrestinc.com Email: bluecrestclientcare@bluecrestinc.com | Trade Vendor | | | | $406,516 |
| 22 NORTON ROSE FULLBRIGHT US LLP 799 9th Street NW Suite 1000 Washington, DC 20001 | Tel: (202) 662-0200 Email: marissa.alcala@nortonrosefulbright.com Email: matthew.kirtland@nortonrosefulbright.com | Professional Services | | | | $403,785 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23  WILLKIE FARR & GALLAGHER LLP 787 Seventh Avenue New York, NY 10019 | Tel: (212) 728-8000 Email: tcerabino@willkie.com | Professional Services | | | | $388,386 |
| 24  GLOBAL TECH INC DBA : EGlobalTech, 1515 WILSON BLVD Suite 800 Arlington, VA 22209 | Tel: (703) 652-0991 Email: info@eglobaltech.com | Trade Vendor | | | | $364,697 |
| 25  FIRST INSURANCE FUNDING CORP 450 SKOKIE BLVD SUITE 1000, Northbrook, IL 60062 | Tel: (800) 837-3707 Email: Csr@firstinsurancefunding.com | Insurance | | | | $359,672 |
| 26  TARTER KRINSKY & DROGIN LLP 1350 Broadway New York, New York 10018 | Tel: (212) 216-8000 Email: atarter@tarterkrinsky.com | Professional Services | | | | $350,154 |
| 27  SHARP ELECTRONICS CORP 100 PARAGON DRIVE MONTVALE, NJ 07645 | Tel: (201) 529-8200 Fax: (201) 529-8425 Email: tmorley@sharpsec.com | Trade Vendor | | | | $346,635 |
| 28  LIBERTY LIFE INS OF BOSTON PO Box 2658 GROUP BENE FITS CAROL STREAM, IL 60132 | Tel: (617) 357-9500 Email: Liberty.Support@LibertyMutual.com | Insurance | | | | $340,897 |
| 29  ALIGHT HOLDING COMPANY, LLC DBA: ALIGHT SOLUTIONS LLC 4 OVERLOOK POINT LINCOLNSHIRE, IL 60069 | Tel: (224) 737-7000 Email: support@alight.com | Trade Vendor | | | | $302,394 |
| 30  AMSIVE, INC 915 Broadway, Suite 501 New York, NY 10010 | Tel: (212) 661-8969 Email: letstalk@amsive.com | Trade Vendor | | | | $296,250 |